Filed 2/22/16  P. v. Lopez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LOUIS LARA LOPEZ, JR.,<br><br>    Defendant and Appellant. | B263374<br><br>(Los Angeles County<br>Super. Ct. No. NA100173) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Louis Lara Lopez, Jr. was charged with one count of first degree burglary after he pried open the money compartment of a washing machine in the laundry room of an apartment complex in October 2014.

In December 2014, Lopez waived his right to a jury trial and, pursuant to a negotiated agreement, pleaded no contest to one felony count of second degree burglary (Pen. Code, § 459)[1] and admitted he had suffered a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j); 1170.12) and had served a separate prison term for a felony (§ 667.5, subd. (b)). In accordance with the agreement, the trial court sentenced Lopez to an aggregate state prison term of five years: Four years (the two-year middle term doubled under the three strikes law) for second degree burglary, plus one year for the prior prison term enhancement.

On February 13, 2015 Lopez, representing himself, filed a petition seeking to reduce his felony conviction to a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18). The trial court denied the petition, finding Lopez was not eligible for resentencing under Proposition 47. Lopez filed a timely notice of appeal.

We appointed counsel to represent Lopez on this appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On November 16, 2015 we advised Lopez he had 30 days within which to submit any contentions or issues he wished us to consider. We have received no response.

We have examined the entire record and are satisfied Lopez's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) At the hearing, represented by counsel, Lopez argued that the laundry room be viewed as a commercial establishment, rather than as part of a residential complex. The

---

**1**     Statutory references are to this code.

facts do not support that argument; as a residential burglary, this conviction does not qualify for Proposition 47 resentencing.

## DISPOSITION

The order is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.